DARYL S. LANDY, State Bar No. 136288
MIRNA VILLEGAS, State Bar No. 205307
MONA M. BADANI, State Bar No. 227389
MORGAN, LEWIS & BOCKIUS LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306-2212
Tel: 650.843.4000
Fax: 650.843.4001

Attorneys for Defendant
WELLS FARGO INVESTMENTS, LLC

SCOTT EDWARD COLE
CLYDE H. CHARLTON
MATTHEW R. BAINER
SCOTT COLE & ASSOCIATES, APC
1970 Broadway, Suite 950
Oakland, California 94612
Tel: (510) 891-9800
Fax: (510) 891-7030

Attorneys for Plaintiff
ANDREA X. BULOW

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA X. BULOW, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO INVESTMENTS, LLC,<br><br>Defendants. | Case No. C-06-7924 MHP<br><br>**STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED AND AGREED, by and between the parties in the above-captioned matter, and by and between their undersigned counsel, that:

"Confidential Material" shall include the documents and other material identified as such in accordance with paragraphs 3 through 5 below. "Confidential Material" shall be accorded the protections referred to in paragraphs 6 through 12 of this Order.

"Action" or "this action" shall refer to the above-captioned action and to no other action.

1. Any party may in good faith designate as Confidential Material, and subject to this Confidentiality Agreement and Protective Order ("Confidentiality Agreement"), any document, information or material that is either (i) produced during discovery proceedings in this action, (ii) included in an order of this Court, or (iii) generated by a party in this action, including but not limited to, answers to interrogatories and responses to any request for the production of documents and which constitute proprietary or sensitive business, personal or personnel information or any extracts or summaries thereof.

2. Acceptance by any party of discovery material designated as "Confidential Material" shall not constitute a concession that any such discovery material is appropriately so designated.

3. (a) All documents, information and other discovery materials shall be treated as Confidential Material subject to this Confidentiality Agreement without the need for any designation until the end of the seventh day after the date on which it is/they are produced.

(b) Documents and other discovery materials may be designated as Confidential Material (i) by affixing a legend to every page of the document at the time of production, (ii) by agreement in writing between the producing and receiving parties at any time, (iii) with respect to deposition testimony, in accordance with the procedures set forth in Paragraph 4 below, or (iv) with respect to motion papers, in accordance with the procedures set forth in Paragraph 5 below. If the designation in question is disputed by the receiving party, then the receiving party shall so notify the designating party in writing. The documents or discovery materials in dispute shall remain Confidential Material subject to the terms of this Order. If the parties are unable to resolve their dispute, then either party may move the Court for an order approving or removing the confidential designation, and the non-moving party may oppose such motion. The designated material shall be deemed Confidential Material until the issue is resolved by the Court.

4. Any person giving deposition testimony in this action may, directly or through counsel, designate his or her testimony or any portion thereof (including exhibits),

1  whether or not previously designated as Confidential Material, as Confidential Material by
2  advising the court reporter and all parties of such fact on the record during the deposition, or in
3  writing at any time up to and including the seventh day after the date of receipt of the deposition
4  transcript. Deposition testimony shall automatically be deemed to be Confidential Material
5  subject to the terms of this Order until the end of the seventh day after the date of receipt of the
6  deposition transcript. In addition, any party may designate as Confidential Material, in
7  accordance with the provisions of Paragraphs 3 or 4 hereof, all or any part of any deposition taken
8  in this action. All copies of deposition transcripts designated as or containing Confidential
9  Material shall be prominently marked "Confidential Material" on the cover thereof. If this
10 designation is disputed by the receiving party, then the receiving party shall so notify the
11 designating party in writing. The deposition testimony in dispute shall remain Confidential
12 Material subject to the terms of this Order. If the parties are unable to resolve their dispute, then
13 either party may move the Court for an order approving or removing the confidential designation
14 and the non-moving party may oppose such motion. The designated material shall be deemed
15 Confidential Material until the issue is resolved by the Court.

16         5.      Motion papers or other Court filings, including exhibits, that disclose
17 Confidential Material shall be the subject of a request pursuant to Northern District Local Rule
18 79-5 for an order filing the Confidential Material under seal. Nothing shall be filed under seal
19 without a court order authorizing the sealing of a particular document, or portions thereof, by the
20 judge before whom the hearing or proceeding will take place.

21         6.      All Confidential Material shall be used only for the purposes of this action
22 and shall not be used for any other purpose except upon consent of the designating party or order
23 of this Court, unless the Confidential Material was obtained lawfully and independently of the
24 designating party.

25         7.      Confidential Material shall be held in confidence and shall not be
26 intentionally or recklessly revealed, discussed, or disclosed in any manner, in any form, to any
27 person or entity other than:
28         (a)     the Court in this action;

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3637264.1                          3                       Case No. C-06-07924 MHP
STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER

(b) counsel for any party retained in or working on the prosecution, defense, or settlement of this action including co-counsel and counsel employed directly by any party;

(c) employees of counsel and persons assigned to assist counsel in the prosecution, defense, or settlement of this action;

(d) individual parties, including the Plaintiffs and/or class members following the certification of any class and any director, officer or employee of any party to this action, to the extent deemed necessary by counsel for the prosecution, defense or settlement of this action;

(e) putative class members signing the Confidentiality Agreement may review only the personnel files and payroll records of those other putative class members who sign and provide Defendant's counsel with enforceable waivers of their privacy rights which release any and all claims against Defendant arising from any disclosure of their personnel files and payroll records; and,

(f) witnesses, experts, and consultants, but only to the extent reasonably deemed necessary by counsel for the prosecution, defense or settlement of this action <u>and</u> only if the witnesses and consultants sign the Confidentiality Agreement.

8. Any disputes between counsel regarding the scope of Confidential Material will be resolved by the Court. Upon the request of any counsel, counsel agree to meet promptly to review and resolve informally issues regarding Confidential Material. If such meeting fails to resolve any disputes, the parties shall promptly seek the Court's assistance, it being understood that it is the designating party's burden to sustain its position that Confidential Material should not be shown or disclosed. Pending the Court's resolution of such issues, such material shall remain designated as Confidential Material.

9. Prior to the disclosure of any Confidential Material to the persons listed in paragraphs 7(e) and 7(f), such individuals shall be provided with a copy of this Confidentiality Agreement and be instructed to read it. After such person has read the Confidentiality Agreement, he or she shall be required to sign a copy of the attached agreement acknowledging that he or she shall abide by the terms of this Confidentiality Agreement. The parties agree to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3637264.1                    4                    Case No. C-06-07924 MHP
STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER

obtain and retain a signed copy of the attached agreement from any individual, including any nonparty deponents, to whom Confidential Material is disclosed.

10. The inadvertent or unintentional disclosure by any party of Confidential Material, regardless of whether the information was so designated at the time of the disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information disclosed or as to any other information relating thereto on the same or related subject matter.

11. Nothing contained in this Confidentiality Agreement shall affect or restrict the rights of any party with respect to its own documents.

12. A producing party may notify in writing the other party that documents that should have been designated Confidential Material were inadvertently produced without being so designated. Upon receiving such written notice from the producing party, the receiving party shall thereafter treat the documents as Confidential Material pursuant to this Confidentiality Agreement.

13. Upon final termination of this action, a party producing Confidential Material may request the return or destruction of all such material and of other documents containing information or data from the Confidential Material, and all copies thereof made by or on behalf of the receiving parties, and the receiving parties shall comply with such request unless otherwise ordered by the Court. Notwithstanding this provision, counsel for the parties are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Confidential Material. Any such archival copies that contain or constitute Confidential Material remain subject to this Confidentiality Agreement. Moreover, any such Confidential Material shall not be used by counsel in any way in any other matter, including in any other case, action or proceeding.

14. The provisions of this Order are without prejudice to any application by any party at any time, on notice, for a modification or dissolution of or relief from this Confidentiality Agreement or any provision hereof.

15. The parties and their attorneys, and all other persons agreeing to this undertaking, shall be responsible to see that the purpose and effect of this Order is achieved.

16. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to any confidential documents or information; or to apply to the Court for an order compelling production of documents; or for the modification or the relaxation of this Order.

17. The Court may modify the Confidentiality Agreement in the interests of justice or public policy.

Dated: April 14, 2007

MORGAN, LEWIS & BOCKIUS LLP

By _____
Daryl S. Landy
Attorneys for Defendant
WELLS FARGO INVESTMENTS, LLC

Dated: April 16, 2007

SCOTT COLE & ASSOCIATES, APC

By _____
Scott Edward Cole
Attorneys for Plaintiff
ANDREA X. BULOW

## ORDER

IT IS SO ORDERED: SUBJECT TO ATTACHED SUPPLEMENTAL ORDER.

Dated: April 23, 2007

IT IS SO ORDERED
Judge Marilyn H. Patel
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ANDREA X. BULOW, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO INVESTMENTS, LLC,<br><br>Defendant. | Case No. C-06-7924 MHP<br><br>**CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**<br><br><br>United States District Judge<br>Marilyn H. Patel |
|---|---|

I have been provided with a copy of the annexed Confidentiality Agreement and Protective Order. I have thoroughly reviewed its terms, and I agree to abide by those terms.

Dated: _____

Signed: _____

Name: _____

Title: _____