**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY CHU, | No. C 05-04526 MHP |
| Plaintiff, | |
| v. | |
| WELLS FARGO INVESTMENTS, LLC, | |
| Defendant. | |
| ANDREA X. BULOW, | No. C 06-7924 MHP |
| Plaintiff, | |
| v. | **MEMORANDUM & ORDER** |
| WELLS FARGO INVESTMENTS, LLC, | Re: Plaintiff's Motion for Leave to File a Second Amended Complaint |
| Defendant. | |

Lead plaintiff Jerry Chu, on behalf of himself and all those similarly situated, brought this action against Defendant Wells Fargo Investments, LLC ("WFI"), alleging he was incorrectly classified as an employee exempt from overtime pay requirements in violation of federal and California law, denied meal and rest breaks in violation of California law, and denied reimbursement for, or had his wages improperly reduced to pay for, business-related expenses in violation of California law. Plaintiff seeks compensatory and punitive damages. Now before the court is plaintiff's motion for leave to file a second amended complaint. Having considered the parties' arguments and submissions, the court enters the following memorandum and order.

BACKGROUND

Plaintiff brought this action in the Superior Court for the State of California, County of Alameda, on September 26, 2005. Docket No. 87 (Antonucci Dec.) ¶ 2. Defendant removed the case to this court on November 4, 2005. Plaintiff's initial disclosures, which defendant received on March 6, 2006, contained a list of WFI financial consultants that included the names of two of the three individuals plaintiff now seeks to add as class representatives. Id. ¶ 4. On April 13, 2008, defendant produced a list of some 291 former employees, including the names and addresses of two of the three proposed class representatives: James Calforda and Labrone King. Id. ¶ 13. After several months spent contacting potential additional class representatives, on September 17, 2008, plaintiff informed defendant that he intended to amend his complaint to include three additional class representatives: Calforda, King and Tamara Turkisher. Docket No. 89 (Mack Dec.) ¶ 3; Antonucci Dec. ¶ 15. Defendant declined to stipulate to their addition.

The parties unsuccessfully attempted mediation in January 2009, and discussions continued for several months between the parties and with the mediator in an effort to reach a settlement. Mack Dec. ¶ 7-8. After plaintiff decided that settlement no longer appeared to be a reasonable possibility, plaintiff filed the instant motion for leave to file a second amended complaint. Id.

LEGAL STANDARD

A party may amend a pleading once as a matter of course and thereafter may amend only by consent of the opposing party or leave of the court. Fed. R. Civ. P. 15(a)(2).[1] Leave should be freely given when justice so requires. Id. The Ninth Circuit has construed Rule 15(a) broadly, requiring that leave to amend be granted with "extraordinary liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990); Poling v. Morgan, 829 F.2d 882, 886 (9th Cir. 1987) (describing a "strong policy permitting amendment"). When the underlying facts or circumstances may form the proper basis for relief, the plaintiff should be given the opportunity to "test his claim on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962).

2

In determining whether to grant leave to amend, courts consider the following five factors: (1) the plaintiff's bad faith; (2) undue delay caused by the amended complaint; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint. Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004), accord Foman, 371 U.S. at 182. Among these factors, prejudice is the "touchstone of the inquiry" and "carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003); Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001).

DISCUSSION

Defendant argues the court should deny plaintiff's motion for leave to amend because: plaintiff had a previous opportunity to amend his complaint; plaintiff's motion is tardy and the result of his lack of diligence; and an amended complaint would unduly prejudice defendant. In evaluating undue delay, the court inquires "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 953 (9th Cir. 2006).

It is undisputed that plaintiff enjoyed an earlier opportunity to amend the complaint in October 2007, when he was granted leave to file a consolidated complaint containing new facts and theories.[2] Plaintiff's counsel has averred, however, that while plaintiff may have been in the possession of the names and addresses of two of the three proposed class representatives as early as 2006, it was not until April 2008 that defendant produced information "confirming" these individuals as potential members of the class. Plaintiff argues that plaintiff accordingly would not have been able to add these three individuals as class representatives in 2007. Counsel for defendant noted at the hearing that these individuals were registered members of the securities industry whose identities could have been determined through an independent search. Plaintiff's counsel admitted at the motion hearing that counsel had obtained addresses for the individuals online but did not investigate to determine whether the contact information was correct, instead awaiting confirmation through formal discovery from defendant, which was received in April 2008. Although plaintiff's

3

1 counsel might have gotten the information through more rigorous investigation, it was not wholly
2 dilatory to await confirmation by defendant.

3 Having received such confirmation from defendant in April 2008, the question remains why
4 plaintiff did not file the instant motion until July 2009. Plaintiff's counsel represents that some
5 months were necessary to connect with the proposed class representatives, gauge the level of their
6 interest in serving the class, and educate them with respect to their roles. Mack Dec. ¶ 3. On
7 September 17, 2008, plaintiff did express his intention to add three additional class representatives,
8 but defendant threatened to oppose the motion. Antonucci Dec. ¶ 15. The parties had begun
9 pursuing mediation only six days earlier, on September 11, 2008, and, seen in this context, plaintiff
10 counsel's averment that it delayed filing a motion for leave to amend in deference to ongoing
11 discussions is credible.

12 Defendant contends that the granting of plaintiff's motion would result in undue prejudice to
13 defendant's business operations. According to defendant, defendant would have to devote monetary
14 and human resources to conduct additional discovery pertaining to the three proposed class
15 representatives. Antonucci Dec. ¶ 19. Counsel for defendant also noted at the hearing that the class
16 period becomes extended the longer the lawsuit goes on. Counsel's points are well-taken; however,
17 the prejudice engendered by the proposed amendment is not unduly burdensome. Denial of the
18 motion could, on the other hand, be seriously prejudicial to any potential class. Nor has counsel
19 asserted that loss of evidence is a significant problem.

20 Although plaintiff's instant motion will be granted, the court cautions that counsel for
21 plaintiff has pushed the envelope in terms of delay. Counsel for both parties are reminded of their
22 obligations to vigorously pursue their respective clients' interests.

23 ///
24 ///
25 ///
26 ///
27 ///
28

4

CONCLUSION

Plaintiff's motion for leave to file a second amended complaint adding Tamara Turkisher, Lebrone King and Tom Calforda as additional class representatives is GRANTED.

IT IS SO ORDERED.

Dated: September 23, 2009

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

5

**ENDNOTES**

1.     The parties argue the merits of joining the proposed class representatives under the provisions of Federal Rule of Civil Procedure 20. Simply amending the complaint is sufficient. It is "unnecessary for a class member to have filed an individual action in order to qualify as a class representative." In re Telectronics Pacing Sys., 172 F.R.D. 271, 283 (S.D. Ohio 1997). In the context of class actions, courts have historically permitted the replacement or addition of class representatives simply by amending the complaint. See generally Manual for Complex Litigation (Fourth) § 21.26.

2.     On August 1, 2007, Chu filed a motion to consolidate his case with the Bulow case. The court granted Chu's motion on October 29, 2007. See Docket Nos. 65 & 66. The order signed by the court stated, inter alia, "Plaintiff Chu is granted leave to file the proposed First Amended Complaint submitted as an exhibit to the Declaration of Tim Hoffman in support of the present motion. Defendant shall file its response to the First Amended Complaint within thirty days of its being served with the First Amended Complaint." Docket No. 65. Thereafter, no first amended complaint was filed. Although this failure to file was procedurally improper, defendant does not argue that the action should therefore be dismissed, and it would not be in the interests of justice to do so sua sponte.